**SCHLEIER LAW OFFICES, P.C.**
3101 N. Central Avenue
Suite 1090
Phoenix, Arizona 85012
Telephone: (602) 277-0157
Facsimile: (602) 230-9250

TOD F. SCHLEIER, ESQ.  #004612
Email: tod@schleierlaw.com
BRADLEY H. SCHLEIER, ESQ.  #011696
Email: brad@schleierlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michele Tomas, a married woman, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| State of Arizona, Department of Administration, Risk Management Division, an Arizona public entity, | **Jury Trial Demanded** |
| Defendant. | |

### I. NATURE OF ACTION

1. This is an action under the Equal Pay Act of 1963 (hereinafter the "EPA," 29 U.S.C. § 206(d) *et seq*.) to provide appropriate relief to Plaintiff Michele Tomas as a result of the unlawful payment of wages to her while working as a Risk Analyst Senior for the State of Arizona, Department of Administration, Risk Management Division, at rates less than the rates paid to male employees in the same establishment for substantially equal work on jobs, the performance of which requires equal or greater skill, effort, and responsibility, and which are performed under similar working conditions. This action under the EPA is brought (1) to

-1-

restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex who perform comparable work, and (2) to collect back wages due to employees as a result of such unlawful payment practices. Plaintiff alleges that the Defendant discriminated against her by engaging in unlawful gender discrimination in compensation as alleged hereinafter.

## II. JURISDICTION

2. This action is brought pursuant to the EPA, 29 U.S.C. §§ 206(d), 215 and 216.

3. This action is also authorized and instituted pursuant to Sections 16 and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 215 and 216(b), to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d).

4. Jurisdiction over the federal claims is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 1343(a)(4).

## III. VENUE

5. Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in Maricopa County, State of Arizona.

## IV. PARTIES

6. Plaintiff Michele Tomas is a resident of Tucson, Arizona, a female, and a current employee of the State of Arizona in the Department of Administration, Risk Management Division, as a Risk Analyst Senior.

7. Defendant is the State of Arizona who employed Plaintiff through its agency, the Arizona Department of Administration.

8. Defendant is an employer subject to the proscriptions and remedial provisions of the EPA.

9. At all relevant times, Defendant has acted as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

10. At all relevant times, Defendant has continuously employed employees engaged in commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j), and has continuously been an enterprise engaged in commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been a governmental agency.

## V.   FACTUAL BACKGROUND

11. Plaintiff realleges Paragraphs 1 through 10.

12. On May 16, 2005, Defendant hired Plaintiff to serve as a Risk Analyst in the Arizona Department of Administration, Risk Management Division in Tucson, Arizona and has been employed for sixteen (16) years. Her claims adjusting caseload includes Real and Personal Property, Medical Malpractice, General Liability, Department of Economic Security, Department of Child Services, Department of Corrections, Employment, PIP, and Automobile.  As of January 2020, Plaintiff was the only Risk Analyst Senior who handles every type of claim P&L Risk Management receives.  Plaintiff has always received "Meets Expectations" on her annual performance appraisals.

13. While actively working as a Risk Analyst Senior, and at all times relevant to this Complaint, the performance of Plaintiff's duties was completed under similar working conditions to, and required equal or greater skill, effort and responsibility to, other Risk Analysts of the Arizona Department of Administration, Risk Management Division.

14. During all times relevant to this complaint, male Risk Analysts of the Arizona Department of Administration, Risk Management Division were paid wages at a rate greater than paid to Plaintiff.  Plaintiff discovered the wage disparity on or about March 4, 2021,

when Plaintiff learned that Scott Reid's position as Risk Analyst Senior became vacant and the starting salary range noted was $65,000.00 - $75,000.00.  Plaintiff began to research the wage disparity including a review of State of Arizona employee salaries published by openthebooks.com. Based upon that research, Plaintiff learned that she was paid considerably less than male Risk Analysts as follows:

| NAME | GRADE | 2018 SALARY | 2019 SALARY | 2020 SALARY |
|---|---|---|---|---|
| Joseph George | 24 | $67,999.40 | $68,523.94 | $68,523.94 |
| Brian Cassidy | 24 | $69,023.00 | $68, 524.14 | -------------- |
| Eric Lee | 24 | ------------- | -------------- | $65,000.00 |
| Scott Reid | 24 | $68,839.20 | $67,840.00 | $67,840.03 |
| Michele Tomas | 24 | $58,730.40 | $57,731.02 | $57,731.02 |

15. Since at least May 2018,  Defendant Arizona Department of Administration has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying wages to Plaintiff as a Risk Analyst Senior, at rates less than the rates paid to male employees in the same establishment for substantially equal work on jobs the performance of which requires equal skill, effort, and which are performed under similar working conditions.

16. Defendant was aware of the pay disparity and did nothing to correct it.  Indeed, on January 16, 2020, Michelle Wilkerson, P&L Claims Supervisor, wrote a memorandum to Ted Howard, Deputy State Risk Manager, about Plaintiff's salary.  Ms. Wilkerson wrote:

> Michele Tomas is a Senior Claims adjuster hire 05/16/05.  She has worked in the Tucson Office of State Risk Management for 14 years and 8 months. Michele's current salary is $57,731.  The other Senior Adjusters working in the Phoenix office make considerably more than Michele. The next Senior Adjuster in Phoenix makes $67,725 which is $9,994 more than Michele.  The other Senior Adjusters make $67,725, $67,840, $68,524, and $74,175.  Michele is the only Senior Adjuster that handles every type of claim P&L Risk Management receives.  Her caseload includes Real and Personal Property, Medical Malpractice, General Liability, DES, DCS, DOC, Employment, PIP, and

>Automobile. I was unaware of the pay discrepancy until the Arizona Republic published Government Employee salaries in June 2019.

Defendant took no action to remedy the wage discrepancy noted by Ms. Wilkerson. As a result of the acts complained of above, Defendant has withheld the payment of wages due to Plaintiff.

17. On March 29, 2021, Plaintiff sent an email to Ms. Michelle Wilkerson advising that for their One on One Meeting tomorrow, Plaintiff wanted to discuss the salary discrepancy she had discovered and asked if Ms. Wilkerson could look into resolving this matter. Ms. Wilkerson replied that she was well aware of the issue and she did not have any control over salaries.

18. On that same date, Plaintiff called the Arizona Department of Administration Human Resources office and notified Evelyn Garci about the salary discrepancy. Plaintiff was told to contact Lora Riordan of Human Resources and requested an inquiry into this matter. Plaintiff was told by Ms. Riordan that the matter was forwarded to her manager, Char Hayes.

19. On March 30, 2021, Plaintiff had a meeting with Ms. Wilkerson. Plaintiff was told by Ms. Wilkerson that she had known of the wage discrepancy for a long time, that it was not fair, and that Plaintiff should contact Human Resources. Ms. Wilkerson also told Plaintiff that she had written to Ted Howard regarding the wage discrepancy and that she would send that memorandum to Plaintiff. Ms. Wilkerson also stated that Liz Pence, Deputy Risk Manager, knew of the wage discrepancies, but refused to do anything and did not give any reason for the discrepancy. Ms. Wilkerson stated that Ms. Pence's attitude towards the pay discrepancy was always negative and that you were "on fighting grounds with her" if you raised the subject.

20. On May 7, 2021, Plaintiff sent an email to Ms. Hayes requesting status on the wage disparity and the misclassification of her grade (Plaintiff should have been a Grade 25 based on her job duties and responsibilities).

21. Notwithstanding the above, on June 24, 2021, Plaintiff was notified by Human Resources that it "…was unable to conclude that the pay disparity you reported was based on race or gender. Your compensation has not been adversely affected by these factors. It has, however, been determined that a pay adjustment is appropriate. As a matter of equity, you are receiving a salary adjustment from $57,731.02 annually to $68,523.94, effective March 20, 2021. This will be reflected in your July 1, 2021 paycheck and will include any retroactive adjustments." Human Resources did not address the misclassification of Plaintiff's Grade.

22. Based upon Defendant's knowledge of the pay discrepancy, the unlawful practices complained of were willful.

**FIRST CAUSE OF ACTION**

**(Violation of the Equal Pay Act – Unequal Pay Against Defendant)**

23. Plaintiff incorporates the allegations of Paragraphs 1-22, inclusive, as if fully set forth herein.

24. Defendant has discriminated against Plaintiff in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 206, *et seq*., as amended by the EPA. The EPA provides, inter alia, that "[n]o employer ... shall discriminate ... between employees on the basis of sex by paying wages to employees ... at a rate less than the rate at which he pays wages to employees of the opposite sex ... for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions..." Defendant has paid Plaintiff less than similarly situated male colleagues performing equal or substantially equal work on jobs the performance of which requires equal

skill, effort, and responsibility, and which are performed under similar working conditions within the same establishment.

25. The differential in pay between male and female Risk Analysts employed by Defendant was not due to seniority, merit, quantity, or quality of production. Although the EPA does not require proof of discriminatory intent, Plaintiff believes that the differential among Risk Analysts employed by Defendant was due to gender.

26. Moreover, the above-alleged pay practices of the Defendant, and Defendants' failure to cure those practices, constitute a willful violation of the EPA within the meaning of 29 U.S.C. §255(a). Because Defendants have willfully violated the EPA, a three-year statute of limitations applies to such violations pursuant to 29 U.S.C. §255(a).

27. Due to Defendant's willful violation of the EPA, Plaintiff is entitled to damages in the amount of the difference between the wages actually received by Plaintiff and the wages paid to male employees for equal work within the meaning of the EPA, together with an additional equal amount as liquidated damages as authorized by Section 16(b) and Section 6(d)(3) of the EPA for three years.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

1. For the Court to enter a declaratory judgment that the practices complained of here are unlawful and were willful and violated 29 U.S.C. § 216(b);

2. Awarding Plaintiff an amount equal to the difference between the wages actually received and the wages paid to male employees performing equal work;

3. Awarding Plaintiff liquidated damages;

4. Awarding Plaintiff prejudgment and post-judgment interest;

5. Awarding Plaintiff attorneys' fees and costs incurred in this action pursuant to 29 U.S.C. § 216(b); and

6.   Awarding Plaintiff such other and further relief as this Court deems just and proper, including remedying the misclassification of Plaintiff's grade.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

DATED this 2nd day of July 2021.

SCHLEIER LAW OFFICES, P.C.

 /s/ Tod F. Schleier
Tod F. Schleier
Attorney for Plaintiff